UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Modern Metal Products Co., <br><br> Debtor(s). | Bankruptcy No. 08 B 73908 <br> Chapter 11 <br> Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for payment of administrative expenses filed by creditor Principal Manufacturing Corporation ("PMC"), pursuant to 11 U.S.C. § 503(b), on February 16, 2009. For the reasons set forth herein, the Court grants in part and denies in part PMC's motion for payment of administrative expenses.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

On December 1, 2008, debtor Modern Metal Products Company ("Debtor") filed a voluntary Chapter 11 bankruptcy petition. Debtor continues to operate its business and manage its property as a Debtor-in-Possession, pursuant to 11 U.S.C. §§ 1107(a), 1108. No trustee has been appointed.

Within twenty (20) days of the petition date, the Debtor received five shipments of goods sold to the Debtor by creditor Principal Manufacturing Corporation ("PMC") in the ordinary course of the Debtor's business. The value of these goods equaled $19,081.72 and PMC has not received payment for these goods. On February 16, 2009, PMC filed a motion for the allowance

and payment of this prepetition debt claim as an administrative expense, pursuant to 11 U.S.C. § 503(b)(9).

On March 11, 2009, Debtor filed a response that objected on two alternative grounds: (1) the Debtor sought to avoid and recover prepetition transfers to PMC, pursuant to 11 U.S.C. §§ 547(b), 550 and, thus, any PMC claim should be denied, pursuant to 11 U.S.C. § 502(d), unless PMC first pays Debtor for all outstanding preferential transfers; and (2) in the alternative, Debtor requested that the Court defer consideration of this § 503(b)(9) claim until confirmation of Debtor's reorganization plan or, at least, until after an as-yet-to-be-determined bar date for claiming administrative expenses occurs to ensure that Debtor has sufficient funds to pay all administrative expenses in full. Debtor asserts that transfers to PMC that may be subject to avoidance and recovery, under § 502, equal approximately $47,875.50, which would significantly exceed PMC's administrative expense claim. Alternatively, Debtor argues that the Court should use its discretion to wait until after confirmation or after a bar date is established because other creditors could be harmed through a reduced recovery if PMC is paid immediately.

On April 8, 2009, PMC filed a reply to Debtor's response. First, PMC argues that administrative expenses under § 503 are entirely separate and distinct from the allowance of claims under § 502, and, thus, not subject to disallowance pursuant to § 502(d). Second, PMC asserts that a deferral of PMC's request would impose a significant hardship on PMC because Debtor has a possibility of administrative insolvency.

## DISCUSSION

At issue is the timing of the payment of allowed administrative expense claims, pursuant to 11 U.S.C. § 503(b)(9). There is no dispute that Debtor received goods from PMC valued at $19,081.72 within twenty (20) days of Debtor's December 1, 2008 petition filing date and PMC

did not receive payment for these goods. Furthermore, Debtors do not dispute that PMC has an administrative claim for these goods, pursuant to section 503(b). Instead, Debtors dispute the timing of the payment of these goods. PMC argues that, pursuant to § 503(b)(9), it is entitled to immediate payment of these goods as an administrative expense.

New section 503(b)(9), added in 2005,[1] provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
> . . . .
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

[11 U.S.C. § 503(b)(9).]

The timing of the payment of allowed administrative expense claims, pursuant to 11 U.S.C. § 503(b)(9), is within the court's discretion. In re Bookbinders' Restaurant, No. 06-12302ELF, 2006 WL 3858020, at *1 (Bankr. E.D. Pa. 2006); In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." In re Garden Ridge Corp., 323 B.R. 136, 143 (Bankr. D. Del. 2005) (citing HQ Global Holdings, Inc., supra, 282 B.R. at 173). In addition, "one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." HQ Global Holdings, Inc., supra, 282 B.R. at 173 (citing In re Baptist Med. Ctr. of N.Y., Inc., 52 B.R. 417, 421 (E.D.N.Y. 1985)). Consequently, "distributions prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expenses in full." Ibid. (citing In re Standard Furniture, 3 B.R. 527, 532 (Bankr. S.D. Cal. 1980) (holding

---

[1] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1227 (2005), effective in cases commenced on or after October 17, 2005.

that rental claim shall be immediately paid because administration expenses will be paid in full));
see also In re Lumara Foods of Am., 50 B.R. 809, 817 (Bankr. N.D. Oh. 1985) (deferring payment of allowed administrative claims for postpetition sales and withholding taxes "until the Chapter 11 plan is eventually confirmed, so that whatever remains of this estate may be equally distributed according to law.").

As an initial matter, the Court finds that PMC has an allowable administrative expense claim, pursuant to 11 U.S.C. § 503(b)(9), because Debtor received goods from PMC valued at $19,081.72 within twenty (20) days of Debtor's December 1, 2008 petition filing date and PMC did not receive payment for these goods.

The timing of the payment of this allowed administrative expense claim, however, is within the Court's discretion. PMC asserts that a deferral of its request for immediate payment would impose a significant hardship because Debtor has a possibility of administrative insolvency. The Court will consider the "prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." In re Garden Ridge Corp., supra, 323 B.R. at 143. Other creditors could be harmed if PMC is paid immediately because, while there may not be many more § 503(b)(9) claims, there may be other claimants that may bring administrative expense claims prior to confirmation of the reorganization plan. In addition, as indicated by both parties, there is a possibility that Debtor may not be able to pay all administrative claims in full. Thus, a distribution prior to confirmation of Debtor's plan may be disallowed until after confirmation, In re Lumara Foods of Am., supra, 50 B.R. at 817, or, at the very least and as proposed by Debtor, until after a bar date for claiming administrative expenses is established to ensure that Debtor has sufficient funds to pay all administrative expenses in full. It is the bankruptcy's goal to have an orderly and equal distribution among creditors and prevent a race to the Debtor's assets. HQ

Global Holdings, Inc., supra, 282 B.R. at 173. The Court finds that PMC has not raised a significant hardship requiring immediate payment that outweighs the consideration that other claimants may also bring administrative expense claims prior to confirmation of the reorganization plan. Thus, the Court defers PMC's request for immediate payment of its administrative expense claim until a Reorganization Plan is confirmed or a bar date is established for bringing claims for administrative expenses runs.

Debtor raises a secondary issue that it may be able to assert a $47,875.50 claim for avoidance and recovery of certain prepetition transfers to PMC, pursuant to 11 U.S.C. §§ 547(b), 550. Thus, Debtor asserts that 11 U.S.C. § 502(d) shall disallow any allowed administrative expenses of PMC predicated on 11 U.S.C. § 503(b)(9), until PMC pays Debtor for all outstanding preferential transfers, citing In re MicroAge, Inc., 291 B.R. 503 (B.A.P. 9th Cir. 2002). In response, PMC argues that § 502(d) is inapplicable and cannot affect the disallowance of administrative expense claims allowed under § 503(b)(9), citing In re Plastech Engineered Prods., Inc., 94 B.R. 147, 161 (Bankr. E.D. Mich. 2008); Beasley Forest Prods., Inc. v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co.), 297 B.R. 326 (Bankr. S.D. Ga. 2003); In re Lids Corp., 260 B.R. 680 (Bankr. D. Del. 2001); Camelot Music, Inc. v. MHW Adver. & Pub. Relations, Inc. (In re CM Holdings, Inc.), 264 B.R. 141 (Bankr. D. Del. 2000). Since Debtor has not yet asserted a preference transfer claim against PMC, it is premature to address this secondary issue.

**CONCLUSION**

For the foregoing reasons, the Court the Court grants in part and denies in part PMC's motion for payment of administrative expenses. PMC has an allowable administrative expense claim, pursuant to 11 U.S.C. § 503(b)(9), but PMC is not entitled to immediate payment of these goods as an administrative expense.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: May 13, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge