# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 08-B-73908 |
|---|---|---|---|
| DATE | September 16, 2009 | ADVERSARY NO. | |
| CASE TITLE | In re Modern Metal Products Co., Debtor | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the motion to deem KMM's response to the 503(b)(9) Report timely filed is GRANTED.

■[ For further details see text below.]

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed a voluntary petition for reorganization under Chapter 11 on December 1, 2008. This Court issued an order on May 1, 2009, establishing procedures for creditors of the Debtor to file claims for administrative expenses under 11 U.S.C. §503(b)(9) (the "Procedure Order").1   The Procedure Order set up certain deadlines. Creditors were required to submit Section 503(b)(9) claims by May 29, 2009. The Debtor was required to file a 503(b)(9) Report by June 19, 2009, stating whether the Debtor objected to any claims. Creditors were required to file any responses to the 503(b)(9) Report by July 6, 2009 (the "Response Deadline"). The Procedure Order stated that "[w]ith respect to 503(b)(9) Claims to which no Response is timely filed . . . [i]f the 503(b)(9) Claim is subject to a Debtor Objection in the 503(b)(9) Report, such claim shall be deemed a

---

1 11 U.S.C. 503(b)(9) allows for certain claims on account of goods sold to the Debtor and received by the Debtor during the 20 days before the petition to be treated as administrative expenses.

Disallowed 503(b)(9) Claim." (Procedure Order ¶L.c.). The Response Deadline was also listed in bold and underlining in a footnote to the 503(b)(9) Report. Korea Modern Metal Co., Ltd. ("KMM") timely submitted a claim for $239,882.50 on May 23, 2009 as an administrative expense. The Debtor timely filed its 503(b)(9) Report on June 19, 2009, which objected to all of KMM's claim, alleging that KMM received payment from one of Debtor's customers for all goods received by the Debtor within the 20-day prepetition period. However, KMM was four days late in filing its response to the 503(b)(9) Report, which it filed and served on July 10, 2009. KMM's counsel, Bernard J. Natale ("Natale"), alleges that the staff member who normally inputs deadlines into his computer organizer failed to enter the Response Deadline into his system, and because he normally relies on this system, he missed the deadline. In an August 11, 2009 affidavit by Natale, he states that, although this staff member was a good and trusted employee for ten years, she began having medical issues starting in 2009, including seizures and minor strokes, and that he did not realize she had such health issues until she terminated her employment in late April 2009. (Natalie Aff't ¶¶ 3-8). After receiving some materials from his client, which caused him to remember the deadline, Natale filed the objection as soon as he could, but this was 4 days past the deadline. Id. The Debtor filed an Objection to KMM's Response on August 4, 2009, arguing that the 503(b)(9) claim should be disallowed because the Response was filed late. KMM filed a Motion to Deem Response to 503(b)(9) Report Timely Filed on August 12, 2009.

## ANALYSIS

Bankr. R. Civ. P. 9006(b) states that "the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." The Supreme Court has held that the excusable neglect test is a two-step analysis: (1) the claimant must show "neglect," and (2) the claimant must show the neglect was "excusable." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993); In re Nat'l Steel Corp., 316 B.R. 510, 515 (Bankr. N.D. Ill. 2004). "Neglect" can be shown by demonstrating the failure was caused by either "(1) circumstances beyond the movant's control; or (2) the movant's inadvertence, mistake or carelessness." In re

Nat'l Steel at 515. Here, KMM has demonstrated that the delay was not intentional, but was instead caused by its counsel's carelessness, and to the extent caused by the counsel's employee's illness, possibly by circumstances beyond KMM's control. The Court therefore finds that negligence has been established.

Under the test set forth in Pioneer, "excusability" is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission," but that a non-exclusive list of factors to consider includes: (1) the danger of prejudice to the Debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer at 1498. The Supreme Court made clear that 'bad counsel' was not an excuse. Parties must be held accountable for the acts of their counsel, so if the neglect was caused by counsel, the counsel's neglect must be excusable. Pioneer at 1499. Although the reason for the delay may have been in the control of KMM, the other factors lean towards excusing the neglect. Neither party has alleged that KMM filed late because of bad faith. While the Court recognizes that firm deadlines are important for Bankruptcy proceedings, see, e.g., In re J.S. II, L.L.C., 389 B.R. 563, 566 (Bankr. N.D. Ill. 2008) ("These dates are integral to the bankruptcy case, allowing efficient administration of the case and effective resolution of disputes"); In re Nat'l Steel, at 514; In re Kmart Corp., 381 F.3d 709, 715 (7th Cir. 2004), four days is a very short delay, and there have been no indications that the Debtor took steps such as negotiating a proposed plan during that time or that any other creditor took any steps in reliance on KMM's silence. In fact, the Official Committee of Unsecured Creditors filed a limited response on September 2, 2009, indicating that it believes the circumstances constituted "excusable neglect." While it is true that allowing the claims as an administrative expense instead of denying the claims will affect the amount some creditors will receive, at least if the eventual plan does not provide for 100% payment of unsecured creditors, the disputed claims do not seem especially large in the context of this bankruptcy case. Therefore, allowing the response should not result in prejudice to the Debtor or a major impact on the bankruptcy proceedings. Although the Debtor expressed a fear that if the Court allows KMM to respond to the objection it could "open the floodgates" to others of the 58 creditors who did not

file any responses, the Court notes that it has now been nearly two months since the deadline. If others were to file responses now, the excusable neglect analysis could be quite different than it was for a delay of just a few days.

Therefore, for the foregoing reasons, the motion to deem KMM's response to the 503(b)(9) report timely filed is GRANTED. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

September 16, 2009

Judge Manuel Barbosa