IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MODERN METAL PRODUCTS CO., | ) | Case No. 08-73908 |
| | ) | Hon. Manuel Barbosa |
| Debtor. | ) | |
| | ) | Hearing Date: August 29, 2012 |
| | ) | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR FOURTH AND FINAL APPLICATION FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES OF UNGARETTI & HARRIS LLP, DEBTOR'S COUNSEL</u>**

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Ungaretti & Harris LLP |
| Authorized to Provide Professional Services to: | Modern Metal Products Co., Debtor |
| Date of Order Authorizing Employment: | December 17, 2008 [Dkt. No. 61] |
| Period of Which Compensation is Sought: | January 11, 2010 through July 31, 2012 |
| Amount of Fees Sought: | $ 45,190.25 – Final Application Period |
| | $ 934,387.39 – Total Application Period |
| Amount of Expenses Sought: | $ 1,686.05 – Final Application Period |
| | $ 31,184.88 – Total Application Period |

This is a(n):     Interim Application: _____     Final Application:  X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 06/11/2009 | 12/01/2008 – 03/31/2009 | $499,813.58 ($475,894.50 fees, $23,919.08 expenses) | $499,813.58 | $499,813.58 [Dkt. 257] |

4831-1405-8000.3

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 09/04/2009 | 04/01/2009 – 07/31/2009 | $262,285.54 ($258,570.64 fees, $3,714.90 expenses) | $262,285.54 | $262,285.54 [Dkt. 347] |
| 09/02/2011 | 08/01/2009 – 01/10/2010 | $156,596.85 ($154,732.00 fees, $1,864.85 expenses) | $156,596.85 | $153,921.45 |

The aggregate amount of fees and expenses paid to U&H to date for services rendered and expenses incurred herein is $916,020.57 ($499,813.58 for the period 12/01/2008 to 03/31/2009 pursuant to the *Order Allowing Interim Compensation and Reimbursement of Expenses to Debtor's Counsel* [Dkt. 257], plus $262,285.54 for the period 04/01/2009 to 07/31/2009 pursuant to the *Order Allowing Interim Compensation and Reimbursement of Expenses to Debtor's Counsel* [Dkt. 347], plus $153,921.45 for the period 08/01/2009 to 01/10/2010 pursuant to the *Order Granting Third Interim Fee Application* [Dkt. 730]). Additionally, U&H holds an allowed chapter 11 administrative expense in the amount of $2,675.40 pursuant to the *Order Granting Third Interim Fee Application* [Dkt. 730].

Dated: August 3, 2012                              UNGARETTI & HARRIS LLP

                                                 by:   /s/ Patrick F. Ross

                                                 R. Scott Alsterda (ARDC No. 3126771)
                                                 Jeffrey H. Bergman (ARDC No. 6194442)
                                                 Patrick F. Ross (ARDC No. 6296461)
                                                 Ungaretti & Harris LLP
                                                 70 W. Madison Street, Suite 3500
                                                 Chicago, Illinois 60602
                                                 Telephone: (312) 977-4400
                                                 Facsimile:  (312) 977-4405
                                                 Email: rsalsterda@uhlaw.com
                                                      jhbergman@uhlaw.com
                                                      pfross@uhlaw.com

                                                 *Counsel to Modern Metal Products Co., Debtor*

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MODERN METAL PRODUCTS CO., | ) | Case No. 08-73908 |
| | ) | Hon. Manuel Barbosa |
| Debtor. | ) | |
| | ) | Hearing Date: August 29, 2012 |
| | ) | Hearing Time: 9:30 a.m. |

**FOURTH AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF UNGARETTI & HARRIS LLP, DEBTOR'S COUNSEL**

Ungaretti & Harris LLP ("U&H"), counsel for Modern Metal Products Co. (the "Debtor"), pursuant to Section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby requests entry of an order granting a fourth and final award of compensation and reimbursement of expenses of U&H (the "Final Application").

In this Final Application, U&H requests entry of an order: (A) awarding U&H, on a final basis, compensation of $45,190.25 for 146.6 hours of actual, necessary legal services rendered to the Debtor between January 11, 2010 and July 31, 2012 (the "Fourth Application Period"); (B) awarding U&H, on a final basis, reimbursement of $1,686.05 for actual, necessary out-of-pocket expenses incurred on behalf of the Debtor during the Fourth Application Period; (C) approving, on a final basis, all previous awards and payments of interim compensation and reimbursement to U&H totaling $916,020.57 for the period December 1, 2008 to January 10, 2010; and (D) authorizing the Trustee to pay U&H a total of $49,551.70, which represents the sum of the

4831-1405-8000.3

compensation and reimbursement currently sought to be awarded ($46,876.30) and the amount of U&H's previously allowed chapter 11 administrative expense ($2,675.40)

In support of its Final Application, U&H states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Final Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Section 330 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## BACKGROUND

5. On December 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Western Division (the "Court").

6. On or about December 30, 2009, the Court entered an order converting this case to chapter 7 liquidation effective January 11, 2010 [Dkt. No. 445]. On or about January 11, 2010, Daniel Donahue was appointed interim chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate").

7. The Debtor's Section 341(a) meeting of creditors in the converted bankruptcy case was held on February 11, 2010, at which time one creditor requested an election of a chapter 7 trustee. The interim trustee adjourned the meeting to March 17, 2010 to allow other creditors to receive notice of the election.

8.     On March 17, 2010, the United States Trustee conducted an election of a chapter 7 trustee at the continued Section 341(a) meeting.

9.     On or about March 22, 2010, the United States Trustee filed the *Report of Disputed Chapter 7 Trustee Election* [Dkt. No. 489], to which no creditor timely objected. Subsequently, the interim trustee became the chapter 7 trustee (the "Trustee") for the Debtor's bankruptcy case.

### The Debtor's Employment of U&H

10.    On December 1, 2008, the Debtor filed its *Application For Authority To Employ Ungaretti & Harris As Bankruptcy Counsel And For Approval Of Compensation Arrangement Related Thereto* [Dkt. 5] (the "Employment Application"). As stated in the Employment Application, the Debtor sought to employ U&H to provide general legal services in its bankruptcy case. *See* Employment Application ¶ 2(a)-(f). The Debtor agreed to compensate U&H on an hourly basis. *Id.* at ¶ 4.

11.    Prior to the Petition Date, U&H received a prepetition advance payment retainer of $150,000 from the Debtor (the "Advance Payment Retainer"). This money became property of U&H and was not deposited into U&H's client trust funds account.[1]

12.    On December 17, 2008, the Court entered its *Order Granting Application to Employ R. Scott Alsterda and Ungaretti & Harris LLP as Debtor's Counsel* [Dkt. 61] (the "Employment Order").

---

[1] Pursuant to the *Order Granting the Third Application* [Dkt. 730], U&H was authorized to apply the remainder of the Advance Payment Retainer to its allowed compensation and reimbursement, which U&H has done.

3

4831-1405-8000.3

**The Fee Procedures Order**

13. On December 12, 2008, the Debtor filed its *Motion for an Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 41] (the "Fee Procedures Motion").

14. By the Fee Procedures Motion, the Debtor sought to streamline the professional compensation process and enable the Court and other parties to monitor the professional fees incurred in the Debtor's case more effectively by establishing procedures by which professionals could circulate their monthly billing statements for review by certain parties, those parties could review and object as necessary to monthly billing statements, and the Debtor could pay amounts not objected to, subject to allowance by the Court on a final basis.

15. On December 17, 2008, the Court entered its *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 60] (the "Fee Procedures Order").

**U&H's First Interim Fee Application**

16. On June 11, 2009, U&H filed its *First Interim Application For Allowance Of Compensation And Reimbursement Of Expenses For Ungaretti & Harris LLP, Counsel For Debtor* (the "First Application") [Dkt. 243]. The First Application covered the time period from the Petition Date through and including March 31, 2009 (the "First Application Period").

17. On or about July 1, 2009, the Court entered an order granting the relief sought in the First Application, namely: (1) the allowance of $475,894.50 in compensation for attorney's fees and the reimbursement of $23,919.08 in expenses in connection with the legal services; and (2) the payment of $95,170.90, which represented the difference between the total attorney's fees

4

4831-1405-8000.3

and expenses awarded less the total amount of payments already made by the Debtor to U&H pursuant to the Fee Procedures Order [Dkt. 257].

### U&H's Second Interim Fee Application

18. On September 4, 2009, U&H filed its *Second Interim Application For Allowance Of Compensation And Reimbursement Of Expenses For Ungaretti & Harris LLP, Counsel For Debtor* (the "Second Application") [Dkt. 317]. The Second Application covered the time period from April 1, 2009 through and including July 31, 2009 (the "Second Application Period").

19. On or about October 1, 2009, the Court entered an order granting the relief sought in the Second Application, namely: (1) the allowance of $258,570.64 in compensation for attorney's fees and the reimbursement of $3,714.90 in expenses in connection with the legal services; and (2) the payment of $51,714.24, which represented the difference between the total attorney's fees and expenses awarded less the total amount of payments already made by the Debtor to U&H pursuant to the Fee Procedures Order [Dkt. 347].

### U&H's Third Interim Fee Application

20. On September 2, 2011, U&H filed its *Third Interim Application For Allowance Of Compensation And Reimbursement Of Expenses For Ungaretti & Harris LLP, Counsel For Debtor* (the "Third Application") [Dkt. 716]. The Third Application covered the time period from August 1, 2009 through and including January 10, 2010 (the "Third Application Period").

21. On or about September 26, 2011, the Court entered an Order [Dkt. 730] granting the relief sought in the Third Application, namely: (1) the allowance of $154,732.00 of compensation for 473.2 hours of legal services and $1,864.85 of expense reimbursement; and (2) authorizing U&H to apply the remainder of the Advance Payment Retainer to its allowed compensation and reimbursement; and (3) granting U&H an allowed chapter 11 administrative

5

expense of $2,675.40 pursuant to 11 U.S.C. § 502(b)(2), which represented the sum of the compensation and reimbursement awarded, less the Advance Payment Retainer and payments received pursuant to the Fee Procedures Order.

## **LEGAL SERVICES PERFORMED BY U&H**

22.     Itemized and detailed descriptions of the specific legal services rendered and out of pocket expenses incurred by U&H during the Final Application Period[2] are reflected on the billing statements (each, a "Billing Statement," and collectively, the "Billing Statements") attached hereto as **Exhibit A** (for the period January 11, 2010 to December 31, 2010), **Exhibit B** (for the period January 1, 2011 to December 31, 2011), and **Exhibit C** (for the period January 1, 2012 to July 31, 2012). U&H has neither circulated nor received any payments in connection with the Billing Statements.

23.     As described in more detail the Billing Statements, U&H provided a variety of legal services on behalf of the Debtor during the Final Application Period, which were recorded under multiple billing categories. A chart is attached as **Exhibit D** that summarizes the billing categories used in the Billing Statements.

24.     As required by Local Rule 5082-1(B) and (C), U&H provides the following Narrative Summary for the Final Application Period.

---

[2] Similarly, itemized and detailed descriptions of the specific legal services rendered and out of pocket expenses incurred by U&H (i) during the First Application Period are reflected on the monthly billing statements for December 2008, January 2009, February 2009, and March 2009 attached to the First Application as Exhibits A, B, C, and D, respectively; (ii) during the Second Application Period are reflected on the monthly billing statements for April 2009, May 2009, June 2009, and July 2009 attached to the Second Application as Exhibits B, C, D, and E, respectively; and (iii) during the Third Application Period are reflected on the monthly billing statements for August 2009, September 2009, October 2009, November 2009, December 2009, and January 1-10, 2010 attached to the Third Application as Exhibits A, B, C, D, E, and F, respectively.

6

4831-1405-8000.3

**NARRATIVE SUMMARY**

25.     L.R. 5082-1(B)(1)(a), (d), and (e) – The summary list attached as **Exhibit D** shows (i) U&H's principal activities by task code and total compensation requested in connection with each activity, (ii) the name and position of each person who performed work on each activity, the approximate hours worked, and the total compensation sought for each person's work on each activity, and (iii) the hourly rate of each professional,[3] the total number of hours expended by each person, and the total compensation sought for each.

26.     Local Rule 5082-1(B)(1)(b) – The following are narrative summaries of U&H's principal activities during the Final Application Period, including details as to individual tasks performed within each activity:

(a) **B110 (Case Administration)** – The services under this task code primarily involved reviewing and commenting on the Debtor's final monthly summary of cash receipts and disbursements (monthly operating report); advising the Debtor regarding the quarterly fee owed to the United States Trustee and documenting payment; and researching and drafting the Debtor's Conversion Report pursuant to Bankruptcy Rule 1019(5). In connection with these services, U&H expended approximately 5.6 hours and incurred $1,549.00 in fees.

(b) **B130 (Asset Disposition)** – As of January 11, 2010, when the Debtor's case was converted to a chapter 7 liquidation, the sale of the Debtor's facility in Winsted, Connecticut (known as the Homer D. Bronson Company) had not yet closed. After conversion, U&H assisted the Trustee in addressing several remaining matters in order to close the sale, including the execution of mortgage releases, environmental certifications, and other closing documents. Ultimately, the sale of the Homer D. Bronson Company generated $499,319.56 of net sale proceeds for the Debtor's estate. In connection with these services, U&H expended approximately 3.8 hours and incurred $1,343.00 in fees.

(c) **B150 (Meeting of and Communications With Creditors)** – Under this task code, U&H performed a variety of services in connection with preparing for and representing the Debtor at its post-conversion meetings of creditors. At

---

[3] Due to the extended period of time covered by the Final Application Period, the hourly rate listed for each professional on Exhibit D is a blended rate that takes into account annual adjustments to U&H's billing rates effective as of October 1, 2010 and October 1, 2011.

7

the initial chapter 7 meeting of creditors, several creditor representatives requested a trustee election. The Debtor and another creditor objected. U&H researched issues related to eligibility of creditors to vote, analyzed creditors' proofs of claim, and prepared an extensive spreadsheet summary and analysis of creditor claims which was used by the United States Trustee in connection with the contested election. *See* Report of Disputed Chapter 7 Trustee Election, Exhibit 6 [Dkt. 489-9]. In connection with these services, U&H expended approximately 36.4 hours and incurred $12,215.00 in fees.

(d) **B160 (Fee/Employment Applications)** – U&H's primary services under this task code related to coordinating and preparing the final fee application for Crossroads Management Group, the Debtor's business and financial advisor, and U&H's Third Fee Application and Final Fee Application (including the detailed exhibits appended thereto). Under this task code, U&H also reviewed and revised its Billing Statements to ensure compliance with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and appeared in Court for hearings on the various fee applications. In connection with these services, U&H expended approximately 65.3 hours and incurred $19,447.50 in fees.

(e) **B180 (Avoidance Action Analysis)** – Prior to the conversion of this case to a chapter 7 liquidation, the Debtor had commenced adversary proceedings against several defendants. Under this task code, U&H attorneys conferred with and advised the Trustee regarding the status of these adversary proceedings and transitioned their litigation files to him. In connection with these services, U&H expended approximately 4.1 hours and incurred $1,842.50 in fees.

(f) **B195 (Non-Working Travel)** – Pursuant to an arrangement with the U.S. Trustee, U&H agreed to charge ½ of its normal billing rates for non-working travel to and from Rockford for court hearings and creditor meetings. Under this task code, U&H expended approximately 13.9 hours traveling and incurred $2,838.75 in fees.

(g) **B210 (Business Operations)** – Under this task code, U&H's services largely consisted of advising the Debtor concerning its remaining wind-up matters. For example, the purchaser of the Debtor's main Beacon Street facility required the Debtor to remove its remaining books and records from the facility. In order to ensure that information remained safe and accessible to the Trustee, U&H assisted the Debtor in coordinating electronic and physical record storage. In connection with these services, U&H expended approximately 4.6 hours and incurred $1,595.00 in fees.

(h) **B220 (Employee Benefits/Pensions)** – U&H's services under this task code related to assisting the Trustee in preparing and filing an IRS Form 5500 annual report concerning the Debtor's 401(k) plan for former employees. Additionally, U&H assisted one of the Trustee's professionals in terminating the Homer D. Bronson Company division's 401(k) plan. In connection with

8

these services, U&H expended approximately 3.8 hours and incurred $1,475.00 in fees.

(i) **B250 (Real Estate)** – As stated under task code B130, the sale of the Debtor's Homer D. Bronson Company division had not closed at the time this case was converted. Therefore, U&H's primary services under this task code related to reviewing title documents and preparing a Form III filing so that the sale could close shortly thereafter. In connection with these services, U&H expended approximately 1.3 hours and incurred $429.50 in fees.

(j) **B310 (Claims Administration and Objections)** – Under this task code, U&H reviewed proofs of claim filed by creditors to determine their validity for purposes of the contested chapter 7 trustee election; prepared a summary report of Section 503(b)(9) administrative expense claims; and drafted an objection to a creditor's proof of claim. In connection with these services, U&H expended approximately 7.8 hours and incurred $2,455.00 in fees.

27. Local Rule 5082-1(B)(1)(c) – By this Final Application, U&H seeks compensation of approximately $14,731.00 for approximately 47.5 hours of legal services in connection with the preparation of the Third Application and this Final Application.

28. Local Rule 5082-1(B)(1)(f) – As discussed above, U&H has previously filed three applications seeking compensation in this case. The aggregate amount of compensation and reimbursement paid to U&H to date for services rendered and expenses incurred is $916,020.57 ($499,813.58 for the First Application pursuant to the *Order Allowing Interim Compensation and Reimbursement of Expenses to Debtor's Counsel* [Dkt. 257], plus $262,285.54 for the Second Application Period pursuant to the *Order Allowing Interim Compensation and Reimbursement of Expenses to Debtor's Counsel* [Dkt. 347], plus $153,921.45 for the Third Application Period pursuant to the *Order Granting Third Interim Fee Application* [Dkt. 730]). Additionally, U&H holds an allowed chapter 11 administrative expense in the amount of $2,675.40 pursuant to the *Order Granting Third Interim Fee Application* [Dkt. 730].

29. Local Rule 5082-1(B)(1)(g) – U&H seeks the reimbursement of various out of pocket and reimbursable expenses totaling $1,686.05, which U&H incurred in connection with the legal services provided to the Debtor during the Final Application Period. A breakdown of

9

each type of expense is included with the Billing Statement attached hereto as **Exhibit E**. The expenses incurred by U&H primarily related to the following: computerized research costs, travel expenses to attend court hearings and meetings of creditors, long distance telephone expenses, postage, document reproduction charges, and delivery charges that were incurred in the service of pleadings and other documents and files to the Trustee after the case was converted to a chapter 7 liquidation. All of the expenses for which U&H seeks reimbursement were actually incurred, were necessary for the proper representation of the Debtor in this case, and were specifically allocated to the Debtor's case. None of the expenses represents general overhead or other expenses unrelated to this case, and none of the expenses, including but not limited to computerized research, includes any additional charges added to the actual cost. U&H charged "at cost" amounts for copying ($0.10 per page) and for outgoing facsimiles ($0.44 per page). For documents, pleadings, or correspondence that were delivered by messenger, facsimile, or Federal Express, as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to insure the efficient and orderly administration of services to the Debtor.

30. <u>Local Rule 5082-1(B)(2)</u> – By this Final Application, U&H seeks both the allowance and payment of its requested fees and expenses. The payment of compensation and reimbursement of expenses awarded to U&H will be paid by the Trustee from funds currently held by the Estate.

## **DETAILED STATEMENT OF SERVICES**
*(LOCAL RULE 5082-1(C))*

31. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses

10

4831-1405-8000.3

incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a)." Local Rule 5082-1(C).

32. The Billing Statements attached as Exhibits A, B, and C comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because the time detail is divided by tasks and activities that match the narrative descriptions in this Final Application, and all time entries list the date of the work, name of person performing the work, a brief description of the nature of the work, and the time expended on the work in increments of tenth of an hour.

## SUMMARY OF PREVIOUS APPLICATIONS

33. By this Final Application, U&H also seeks approval on a final basis of all compensation and reimbursement of expenses ($916,020.57) previously paid to U&H on an interim basis in connection with the First, Second, and Third Applications.

34. U&H used a different billing system during the First, Second, and Third Application Periods. However, in each of the previous applications, U&H provided narrative summaries of the principal activities and services rendered on behalf of the Debtor, which are incorporated by reference. To briefly summarize them in this Final Application, U&H's principal activities during the First, Second, and Third Application Periods consisted of the following:

   (a) Preparing the Debtor's chapter 11 bankruptcy petition, schedules, and statement of financial affairs;

   (b) Negotiating with the Debtor's lender regarding DIP financing (including a budget, motion, and orders) and working with the Debtor to ensure its compliance with loan covenants and budgetary requirements;

   (c) Drafting the "first day" motions that ensured the Debtor's smooth transition into chapter 11 and permitted the Debtor to continue operating its business during the First Application Period, as well as multiple other motions designed to maximize the value of the Debtor's Estate;

11

(d) Representing and advising the Debtor in connection with the Section 341(a) meeting of creditors and meetings with the Committee;

(e) Advising and assisting the Debtor in complying with administrative requirements for chapter 11 debtors in possession (*e.g.*, monthly summaries of cash receipts and disbursements, bankruptcy schedules and statements of financial affairs, etc.);

(f) Leading the Debtor's legal, financial, and real estate professionals by negotiating terms of engagement, drafting applications for employment, and coordinating applications for compensation;

(g) Communicating and advising the Debtor concerning business operational matters;

(h) Investigating potential assets of the Debtor's Estate for liquidation by sale;

(i) Providing extensive sales and transactional services relating to asset disposition, including the sale of certain assets and inventory in the Debtor's "main" facility in Loves Park, Illinois to Gill Industries for $3.9 million, the sale of all remaining machinery and equipment in that facility by public auction for over $215,665, the sale of the land and buildings constituting the Loves Park facility to Blue Oceans Investment Group LLC for $500,397.72 (net), the sale of the Debtor's Northern Illinois Metal Finishing division assets to K&J Finishing, Inc. for $150,000, and the sale of the Debtor's former Homer D. Bronson Company facility located in Winsted, Connecticut to J. Brooks Holdings, LLC for $499,319.56 (net);

(j) Drafting demand letters and complaints seeking the avoidance and recovery of preferential transfers and payment of accounts receivable against several creditors, as well as engaging in initial discovery matters;

(k) Analyzing reclamation demands and administrative expenses asserted by several creditors, conferring with the Debtor's personnel to determine the validity and extent of such claims, negotiating with claimants, and performing litigation-related work (*e.g.*, drafting objections and discovery) as necessary;

(l) Reviewing the Debtor's prepetition executory contracts and unexpired leases for possible assumption and assignment or rejection, including the negotiation and drafting of a settlement agreement that resolved a dispute with one of the Debtor's principal vendors located in Juarez, Mexico;

(m) Reviewing secured claims, unsecured priority claims, and unsecured nonpriority claims asserted by creditors against the Debtor's Estate;

(n) Investigating and researching legal and factual issues concerning the Debtor's employee benefits plans; and

(o) Researching and advising the Debtor concerning tax matters.

12

**BASIS FOR RELIEF**

35. Pursuant to Section 330 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of U&H's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by U&H during the Final Application Period were required for the proper representation of the Debtor in this bankruptcy case.

36. U&H has endeavored to: (a) avoid lumping multiple tasks into a single entry; (b) minimize time spent on interoffice conferences, though at times, such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence, document review, etc. There has been no duplication of services by partners, associates, paralegals, or clerks of U&H for which compensation is requested herein. In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. U&H has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. However, U&H professionals have been required to conduct a limited number of conferences to provide effective legal representation to the Debtor as outlined in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991).

37. U&H's hourly rates for professionals who performed services for the Debtor during the Final Application Period are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in comparable chapter 11 cases in the Northern District of Illinois. The compensation sought by U&H in this Final Application is for ordinary and necessary services rendered to the Debtor, and the fees sought are reasonable.

4831-1405-8000.3

38. U&H prepared this Final Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, U&H is also entitled to receive compensation for the preparation of this Final Application. *Pettibone*, 74 B.R. at 304.

39. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306.

40. U&H has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by U&H for services rendered to the Debtor in this case.

41. Over 120 days have elapsed since U&H filed the Third Application. Therefore, U&H may present this Final Application pursuant to Sections 330 and 331 of the Bankruptcy Code.

## REQUEST TO APPROVE LIMITED NOTICE

42. U&H has caused notice of the Final Application to be given by CM/ECF delivery to all registered parties in this case. Further, U&H has caused a copy of this Application to be sent by first class U.S. mail to (a) the Office of the United States Trustee; (b) the Trustee; (c) all of the creditors on the list of the Debtor's 20 Largest Unsecured Creditors; and (d) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Additionally, U&H has served on all creditors and parties in interest by first class mail a detailed Notice of Hearing on this Final Application that identifies the applicant, states the amount requested, and provides instructions on how to request or obtain a copy of the Final Application free of charge from U&H.

4831-1405-8000.3

43. U&H requests that the Court excuse the notice requirement of Bankruptcy Rule 2002(a)(6) and approve the limited notice of the Final Application as sufficient and appropriate under the circumstances. Limited notice of the Final Application is sufficient in light of the expense to the Debtor's bankruptcy estate of individually serving approximately all creditors and parties in interest and the lack of an offsetting benefit given that the Notice Parties, including the United States Trustee, the Trustee, and the 20 Largest Unsecured Creditors, will receive copies.

WHEREFORE, Ungaretti & Harris LLP respectfully requests that this Court to enter an order:

(a) Granting the relief requested in this Final Application;

(b) Approving the limited notice of the Final Application;

(c) Awarding to U&H, on a final basis, $45,190.25 as reasonable compensation for 146.6 hours of actual, necessary legal services rendered to the Debtor between January 11, 2010 and July 31, 2012;

(d) Awarding to U&H, on a final basis, $1,686.05 as reimbursement for actual, necessary out-of-pocket expenses incurred between January 11, 2010 and July 31, 2012;

(e) Approving, on a final basis, all previous awards and payments of interim compensation and reimbursement to U&H totaling $916,020.57 for the period December 1, 2008 to January 10, 2010;

(f) Authorizing the Trustee to pay U&H a total of $49,551.70, which represents the sum of the compensation and reimbursement currently sought to be awarded ($46,876.30) and the amount of U&H's previously allowed chapter 11 administrative expense ($2,675.40); and

(g) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 3, 2012　　　　　　　　　UNGARETTI & HARRIS LLP

　　　　　　　　　　　　　　　by:　/s/ Patrick F. Ross

R. Scott Alsterda (ARDC No. 3126771)
Jeffrey H. Bergman (ARDC No. 6194442)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile:  (312) 977-4405
Email: rsalsterda@uhlaw.com
　　　　jhbergman@uhlaw.com
　　　　pfross@uhlaw.com

*Counsel to Modern Metal Products Co., Debtor*