UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re<br><br>MODERN METAL PRODUCTS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-73908<br><br>Honorable Thomas M. Lynch<br><br>**Hearing Date: 12/13/2017**<br>**Hearing Time: 9:30 A.M.** |

### NOTICE OF MOTION

To:   See attached Service List.

PLEASE TAKE NOTICE that on Wednesday, December 13, 2017, at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned counsel shall appear before the Honorable Thomas M. Lynch, United States Bankruptcy Judge, in the courtroom usually occupied by him in the U.S. Courthouse, 327 South Church Street, Room 3100, Rockford, Illinois 61101, or in his absence before such judge who may be sitting in his place and stead, and shall then and there present the **Trustee's Motion for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief**, a true and correct copy of which is attached hereto and herewith served upon you.

Dated: November 13, 2017

                                          DANIEL M. DONAHUE, not individually, but
                                          solely as chapter 7 trustee for the estate of
                                          Modern Metal Products Co.

                                          By:   /s/_____
                                                  Daniel M. Donahue

Daniel M. Donahue
6735 Vistagreen Way
Rockford, IL 61107
815-639-3700

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re<br><br>MODERN METAL PRODUCTS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-73908<br><br>Honorable Thomas M. Lynch<br><br>**Hearing Date: 12/13/2017**<br>**Hearing Time: 9:30 A.M.** |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Daniel M. Donahue, not individually, but solely as the duly qualified chapter 7 case trustee (the "Trustee") for the bankruptcy estate of (the "Estate") of Modern Metal Products Co. (the "Debtor"), hereby requests entry of an order pursuant to 11 U.S.C. §§ 105 and 363 approving the sale of certain assets of the estate to Oak Point Partners, Inc. ("Oak Point"), an Illinois corporation, free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363. In support of this Motion, the Trustee states:

### Jurisdiction

1.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### Background

3.     On or about December 1, 2008, the Debtor commenced this case (the "Case") by

2

filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4.  On January 11, 2010, the Court entered an Order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

5.  Thereafter, Daniel M. Donahue was appointed chapter 7 trustee. The Trustee remains the duly appointed, qualified and acting chapter 7 trustee in this Case.

6.  Since his appointment, the Trustee has administered the Debtor's estate for the benefit of creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this Case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the estate's assets is realized, which efforts include pursuing the sale of any remaining assets.

7.  The Trustee has determined that there may be property of the estate remaining, consisting of unknown assets or claims, which have not been previously sold, assigned, or transferred ("Remnant Assets"). The Trustee has similarly determined that the cost of his pursuit of these Remnant Assets will likely exceed the benefit that the estate would possibly receive.

8.  The Trustee has negotiated an agreement ("Purchase Agreement") with Oak Point for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended as Exhibit A to the form of order filed with this Motion.

### Relief Requested

9.  By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rule of Bankruptcy Procedure 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

10. The Purchase Agreement generally provides for a purchase price of $5,000.00

("Purchase Price") for all Remnant Assets to be paid by Oak Point to the Trustee for the benefit of the Debtor's estate.

11. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (ii) the proceeds from the sale of the Homer D. Bronson Company and the escrow account relating thereto and (iii) the Purchase Price for the Remnant Assets.

12. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price for such assets and is the highest and best offer for the sale of the Remnant Assets. The benefit of receiving immediate payment for assets which are largely unknown outweighs the potential benefits of retaining such assets.

13. It is for the foregoing reasons that the Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement serves the best interests of the Debtor's estate and the Debtor's creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the estate. Accordingly, the sale to Oak Point should be approved as requested.

## Authority for Requested Relief

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C.

§ 105(a).

15. Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

16. The Trustee herein submits that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the estate.

17. Courts have uniformly held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A debtor's showing of sound business justification, or as in this case the Trustee's showing, need not be unduly exhaustive; instead the

debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

18. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the estate.

19. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986); *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

20. Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

21. Based on the foregoing, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of his business judgment under the circumstances and is in the best interests of the estate and its creditors. Therefore, the Motion should be approved.

### Waiver of Stay of Order

22.    To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

### Notice

23.    Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: November 13, 2017                    DANIEL M. DONAHUE, not individually, but
                                            solely as chapter 7 trustee for the estate of
                                            Modern Metal Products Co.

                                            By: __/s/_____
                                                Daniel M. Donahue

Daniel M. Donahue
6735 Vistagreen Way
Rockford, IL 61107
815-639-3700

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF WINNEBAGO      )

### AFFIDAVIT OF SERVICE

I, the undersigned, being first duly sworn on oath, depose and state that I served the **Trustee's Motion for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief** attached hereto upon the within named:

| United States Trustee<br>780 Regent St., Ste. 304<br>Madison, WI 53715 | R. Scott Alsterda<br>Nixon Peabody LLP<br>70 W. Madison, St., Ste. 3500<br>Chicago, IL 60602 |
|---|---|
| **20 LARGEST UNSECURED CREDITORS** | |

by sealing a true and correct copy of same in an envelope, addressed as shown above, with sufficient United States postage and by depositing said envelope, so sealed and stamped, in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m., on the 13th day of November, 2017.

_Susan L. Meldrum_

Subscribed and sworn to before me this 13th day of November, 2017.

_Sherri A. Niesman_
NOTARY PUBLIC

OFFICIAL SEAL
SHERRI A. NIESMAN
Notary Public, State of Illinois
My Commission Expires 08/20/18